Andrew Watters (#237990)
Jeramy Stone (#314913)
Andrew G. Watters, Esq.
555 Twin Dolphin Drive, Ste. 135
Redwood City, CA 94065
(415) 261-8527
andrew@andrewwatters.com
jeramy@andrewwatters.com

Attorneys for Plaintiff Tom McMillin

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM MCMILLIN, an individual;<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>1. Statutory Violations of Freedom of Information Act per 5 U.S.C. § 552; and<br><br>2. Statutory Violations of Privacy Act per 5 U.S.C. § 552a. |

# INTRODUCTION

1. The purpose of this action is to compel production of materials from an agency of the United States that has unlawfully withheld the materials from the requester.

2. This action follows Plaintiff's approximately fourteen-year saga seeking his own information.

# PARTIES

3. Plaintiff Tom McMillin ("Mr. McMillin" or "Plaintiff") is a natural person. He is the owner, sole member, and CEO of Bay Cities Patrol, which is a licensed private patrol operator in the San Francisco Bay Area. Plaintiff is a resident of this State and San Mateo County.

4. Defendant United States Department of Justice is a law enforcement agency of the United States that holds and has withheld the information sought by Plaintiff.

# SUBJECT MATTER JURSDICTION

5. This Court has jurisdiction per 28 U.S.C. § 1331 over this action under the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B), and the Privacy Act, 5 U.S.C. § 552a(g)(1).

# PERSONAL JURISDICTION

6. This Court has personal jurisdiction over all Defendants, who are present in this District as representatives and agents of the U.S. Government.

# VENUE AND DIVISION

7. The Northern District of California is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) and 5 U.S.C. § 552(a)(4)(B) because Plaintiff resides here and a substantial amount of the underlying events occurred here. In addition, the lead/primary Defendant is found here.

8. As the case arises in San Mateo County, California, San Francisco is the proper division. Plaintiff respectfully seeks assignment to the San Francisco Division for convenience of counsel and himself.

## FACTS

9. This saga has been ongoing for eighteen years. The genesis of the problem was an incident in 2006, in which several individuals carrying what looked like rifles and pistols shot at Plaintiff's residence late at night. Plaintiff had a private security contract with the community he lives in; thus, he was not just protecting himself—he was doing his job and protecting the persons and property in the community that he had a then-two decades-long contract with (and still has to this day). Plaintiff responded with his private patrol car and equipment and held the individuals at gunpoint in a nearby park until police arrived. Ultimately, law enforcement determined that the weapons involved were Airsoft pistols and an air rifle, and that the individuals were high school students – although Plaintiff could not have known that at the time and acted reasonably in the moment. Plaintiff, who is a well-known figure in the local security/patrol community and who has received media praise as well as numerous lauditory letters from local police departments for his actions as a concerned security officer, was initially not criticized for his actions by street-level officers, however, the police brass subsequently overruled them and decided to forward the case to the District Attorney. The D.A. belatedly charged Plaintiff with numerous crimes arising out of this incident, although Plaintiff was never arrested. Facing the prospect of approximately twenty felony charges going to trial and unable to afford substantial attorney fees at that time, Plaintiff agreed to plead to one count of disturbing the peace, a misdemeanor, and all the remaining charges were dismissed. The D.A. subsequently admitted that his case was mismanaged, in writing—Plaintiff also received a letter

from the local Chief of Police stating that the officers' reporting was grossly inaccurate and not factual, and apologizing; therefore, the D.A. had no factual or legal basis to file the case. Additionally, once Plaintiff returned to court with the two letters, the judge in the case ordered that the plea be rescinded, that a "not guilty" plea entered, and that the case be dismissed.

10. Plaintiff has maintained his private patrol license continuously despite his plea, and the state agency responsible for licensing of private patrol operators did not take any substantive action on Plaintiff's license, likely due to his quick thinking and appropriate response to what could have been a gang-related incident.

11. In any case, Plaintiff felt that he was mistreated by the local police, and he filed a civil rights complaint with the FBI, which is a component of the Department of Justice, in 2009. Plaintiff's civil rights complaint was investigated, and ended up being closed out without further action in 2010. Plaintiff, dissatisfied with the lack of remedies for what he believed to be abuses of power and violations of his civil rights, filed a Freedom of Information Act (FOIA) request with the FBI in August 2010. The actual original request has been misplaced due to the passage of time over 14 years because Plaintiff is not a sophisticated or professional litigant, and did not think he specifically had to retain the request. Essentially, Plaintiff requested all information on himself from the FBI that is contained in several files arising out of his civil rights complaint. The following is a non-exhaustive list of FBI file numbers believed to contain the requested information, although the redactions in what was ultimately produced to Plaintiff greatly impair his ability to reconstruct the information, the file structure within the FBI files, and other parameters of his inquiry:

    (a)    282B-SF-145777

    (b)    282B-SF-145935

      (c)    282B-SF-146290

12. Plaintiff's Freedom of Information Act request stems from his effort to determine what local law enforcement and other witnesses told the FBI so that Plaintiff can evaluate whether he was treated fairly and whether the statements made to the FBI were accurate.

13. In this case, the FBI expressly told Plaintiff to check back in *ten years*. Plaintiff waited patiently *for the full ten years.* The order of events is essentially as follows:

14. On August 26, 2010, Plaintiff filed a FOIA request with the FBI legal department essentially seeking all information contained in the FBI files indicated above.

15. On December 17, 2010, the FBI wrote to Plaintiff stating that it had located 527 pages responsive to the request, but that Plaintiff "may wish to consider" reducing the scope of the request in order to fit into the "small queue" of 500 pages or less, which had the fastest processing time. Plaintiff declined to reduce the scope of his request, leaving him in the "medium queue" of 501 pages to 2,500 pages, with an indeterminate processing time. The request ended up taking nearly *ten years*.

16. Over the following ten years, the FBI and Plaintiff exchanged various letters discussing the request, culminating in a letter from the FBI on October 13, 2021 stating that it had located approximately 554 pages of documents; 1 hour, 8 minutes of video; and 18 minutes of audio potentially related to McMillin's request. The letter additionally stated, incorrectly, that McMillin had agreed to limit the scope of his request to eliminate the audio-visual portion of the request to accelerate processing. The FBI's resulting production therefore covered 554 pages and no audio/video materials. The FBI had stated to Plaintiff that if he insisted on the audio/video evidence, it would take another *five years*, or *three years* with just the printed

material. Plaintiff's intention was *deferring* the audio/video evidence so as to obtain production of the documents first, and then wait for the audio and video—not to waive entirely the production of audio and video, as later claimed by the FBI.

17. In any case, on February 28, 2023, the FBI sent a letter to McMillin confirming that it had reviewed 549 pages of documents and was releasing 324 pages. The released 324 pages are subject to heavy redactions, plus claims of exemptions from disclosure pursuant to 5 USC 552(b)(5), (b)(6), (b)(7)(C)-(E), and Section 552a(j)(2). The redactions even include Special Agents' names, which are not confidential and which would have allowed Plaintiff to reconstruct who conducted the interviews of witnesses or otherwise touched his file. The files were also only partially produced, with a simple list of page numbers that were withheld, rendering it impossible to determine the nature of the information contained within the 225 pages withheld from Plaintiff. A copy of the withheld page index is attached to the produced documents showing that there is merely a citation to the FOIA exemptions that the FBI contends apply; there is no indication of *why* the FOIA exemption is believed to apply to *any* withheld page.

18. After receiving this redacted production with 225 potentially responsive pages withheld, McMillin submitted an administrative appeal to the FBI to obtain the withheld and redacted information.

19. On May 6, 2023, the FBI submitted a letter to McMillin indicated it received McMillin's appeal and was working on it.

20. On May 7, 2024, McMillin received an email from the DOJ's Office of Information Policy (OIP) confirming that that office was processing his appeal and that the Office estimated his completion date as June 3, 2024.

21. On June 3, 2024, McMillin received a final response from the DOJ's Office of Information Policy explaining that it was denying McMillin's appeal in-part and "remanding" in-part to the FBI for further review and processing. The OIP's response explained that if McMillin was dissatisfied with the OIP's determination, he could file a lawsuit per 5 USC § 552(a)(4)(B). The FBI subsequently confirmed that it would not be producing additional information, in another letter sent to Plaintiff. Plaintiff has waited long enough for the information and will decline to play this game with the FBI any longer.

22. This action followed.

**FIRST CAUSE OF ACTION – FREEDOM OF INFORMATION ACT**

**5 U.S.C. § 552(a)(4)(B)**

23. Plaintiff incorporates the foregoing by reference.

24. The FBI is a component of Defendant United States Department of Justice.

25. The FBI maintains records on Plaintiff that are within the scope of the Freedom of Information Act.

26. Plaintiff requested the records.

27. The FBI did not comply with the request, instead producing a partial file that was heavily redacted, and withholding over 200 (or more) pages without even generally describing them. The withheld page index as produced by the FBI is attached hereto as **Exhibit 1**.

28. Plaintiff appealed administratively within the FBI, and to the Department of Justice. Plaintiff's appeal was denied in-part and remanded in-part, and the remanded request was also effectively denied by the FBI.

29. Plaintiff has exhausted his administrative remedies, as shown in the final determination letter attached as **Exhibit 2** inviting Plaintiff to proceed in District Court.

30. The redactions and withholding by the FBI do not comply with the Freedom of Information Act because information has been withheld under exemptions that do not apply and/or the records requested are not within the scope of those exemptions.

31. Wherefore, Plaintiff seeks an order for production of the requested materials without redactions, plus attorney fees.

## SECOND CAUSE OF ACTION – PRIVACY ACT

## 5 U.S.C. § 552a

32. Plaintiff incorporates the foregoing by reference.

33. The records held by the FBI pertain to Plaintiff, who is a natural person.

34. The FBI unlawfully refused to produce the records that it has on Plaintiff, who sought to copy them under 5 U.S.C. § 552a(d)(1) so that he could determine whether an amendment would be appropriate under 552a(d)(2). As the FBI refused to produce the information, Plaintiff has no ability to evaluate whether to even attempt to amend the FBI's records on him.

35. Wherefore, Plaintiff seeks an order for production of the requested materials without redactions, plus attorney fees.

## PRAYER

1. Production of all of the withheld materials, without redactions.

2. Removing redactions from the produced materials.

3. Attorney fees and costs pursuant to the Freedom of Information Act/Privacy Act.

4. Any other further relief that is required in the interests of justice.

Dated: July 29, 2024

*Andrew G. Watters*
_____
Andrew G. Watters, Esq.
Attorney for Plaintiff Tom McMillin